No. 15,557.

FALBO *v.* THE PEOPLE.
(155 P. [2d] 610)

Decided January 15, 1945.

Mr. DON B. OLIVER, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the Court.

PLAINTIFF in error is hereinafter referred to as defendant. This is a companion case to No. 15556 this day decided and the opinion therein should be read in con-

nection with this. Defendant was charged, convicted and sentenced as was defendant in that case. The material facts in the two are substantially the same, as are the authorities relied upon. Hence we now indulge in no unnecessary repetition. This defendant was the guard who kept the gate of the gambling house and gave the alarm when the sheriff appeared. However, unlike defendant in the former case, he testified in his own behalf. Counsel have requested us to consider the two cases as one, consolidate them for final disposition, and so dispose of them on application for supersedeas. We proceed accordingly, except that we find separate statements advisable. No question of the admissibility of evidence is presented herein. The assignments go only to its sufficiency.

■■ This defendant was not taken into custody at the time of the raid, but was later arrested in Denver. He fled the scene upon the entrance of the posse, but left a coat behind. This was taken by the sheriff and returned to him. He admitted its ownership and the ownership of dice found in its pocket. The sheriff testified that defendant, voluntarily and after due warning, stated that he and Paulino had rented the building and were operating for Tex Wilson; that the game being played was barboot, which he described as a gambling game played with dice. Most of this defendant denied, but admitted a conviction for felony in 1938. Where the truth lay was a question for the jurors. We know their conclusion and it is not difficult to discover their reason.

The foregoing, plus evidence substantially as stated in our opinion in 15556, amply supports the verdict. The assignments are without merit.

The judgment is affirmed.

MR. CHIEF JUSTICE BAKKE and MR. JUSTICE ALTER concur.